[Cite as *State v. Higgins*, 2019-Ohio-3081.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     29324 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TOMMY W. HIGGINS, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 2013 04 0884 |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2019

SCHAFER, Judge.

{¶1} Defendant-Appellant, Tommy Higgins, Jr., appeals the judgment of the Summit County Court of Common Pleas converting his motion to vacate a void judgment into a petition for postconviction relief and subsequently denying the motion. We affirm.

I.

{¶2} In 2013 the Summit County Grand Jury indicted Higgins on five counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree with firearm specifications; one count of improperly discharging a firearm in a habitation in violation of R.C. 2923.161, with a firearm specification, a felony of the second degree; two counts of intimidating a witness in violation of R.C. 2921.04(B), felonies of the third degree; one count of possession of drugs in violation of R.C. 2925.11(A)(C)(2), a misdemeanor of the third degree; and one count of driving under suspension in violation of R.C. 4510.11, a misdemeanor of the first degree. Higgins entered a plea of not guilty and the matter proceeded through the pretrial process.

**{¶3}** Pursuant to a plea agreement, Higgins ultimately entered a plea of guilty to two counts of intimidation of a witness. The trial court accepted his plea, found him guilty, and dismissed the remaining charges upon recommendation of the prosecutor. On February 4, 2014, following a presentence investigation, the trial court sentenced Higgins to two years incarceration on both counts to be served consecutively with each other for a total of four years. The trial court then suspended all prison time upon the condition that Higgins complete one year of community control. One condition of Higgins' community control was to obey all laws. Higgins did not file a direct appeal of his conviction.

**{¶4}** On September 17, 2014, the Summit County Grand Jury indicted Higgins on numerous charges. Following a trial, a jury found Higgins guilty of possession of heroin, trafficking in heroin, aggravated possession of drugs, and possession of criminal tools. The trial court sentenced Higgins to a total of three years in prison.[1] Consequently, on January 26, 2015, the trial court found Higgins guilty of violating the conditions of his community control in the present matter and imposed the previously suspended four year sentence in a journal entry on February 10, 2015. The trial court ordered the sentences for both cases to be served consecutively for a total of seven years. Higgins did not appeal his conviction for violating his community control.

**{¶5}** On March 16, 2018, Higgins filed a notice of appeal of the February 10, 2015 order. This Court dismissed the attempted appeal as untimely. *See State v. Higgins*, 9th Dist. Summit No. 28981, Apr. 19, 2019. On October 23, 2018, Higgins filed a second notice of appeal and moved this Court for leave to file a delayed appeal from the February 10, 2015 order. This

---

[1] Higgins appealed and this Court affirmed. *See State v. Higgins*, 9th Dist. Summit No. 27700, 2018-Ohio-476.

Court dismissed the attempted appeal. *See State v. Higgins*, 9th Dist. Summit No. 29205, Nov. 28, 2018.

{¶6} Relevant to this appeal, Higgins filed a motion to vacate judgment on April 3, 2018, a motion to vacate void judgment on April 13, 2018, a motion to proceed to judgment on April 20, 2018, and a motion to vacate void judgment on October 22, 2018. The trial court determined that Higgins' motions were untimely motions for postconviction relief that failed to allege or establish that he was unavoidably prevented from any discovery or that he would not have been found guilty of violating the conditions of his community control but for an alleged sentencing error. In the alternative, the trial court further found that Higgins' motions were barred by res judicata and/or moot.

{¶7} Higgins filed this timely appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**The trial court erred when it converted [Higgins'] "motion to vacate void judgment" into a petition for [postconviction] relief. * * * .**

{¶8} In his sole assignment of error, Higgins contends that the trial court erred when it construed his motions as petitions for postconviction relief because his sentence was void. We disagree.

{¶9} Pursuant to R.C. 2953.21(A)(1):

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights *as to render the judgment void* or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

(Emphasis added.) "Regardless of the caption, 'where a criminal defendant, subsequent to his or her direct appeal [or the expiration of the time for filing an appeal], files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" *State v. Morales*, 9th Dist. Summit No. 27765, 2016-Ohio-3313, ¶ 8, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *see State v. Stepler*, 9th Dist. Summit No. 23354, 2006-Ohio-6913, ¶ 8.

{¶10} Upon review, we determine that, despite Higgins' argument to the contrary, his motions were properly construed as petitions for postconviction relief. Higgins' motions were: (1) filed more than four years after the expiration of time for filing an appeal of his sentence and more than three years after the trial court determined he had violated his community control; (2) claimed a violation of his due process rights; (3) attempted to render his conviction void; and (4) sought to vacate his sentence.

{¶11} Higgins' assignment of error is overruled.

III.

{¶12} Higgins' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

TOMMY W. HIGGINS, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.