[Cite as *State v. Morris*, 2019-Ohio-5404.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DAVID C. MORRIS

    Appellant

C.A. No.    29419

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-1987-04-0423-A

DECISION AND JOURNAL ENTRY

Dated: December 31, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, David Morris, appeals an order that denied his "Motion for De Novo Resentencing to Correct Void Sentence." This Court affirms.

I.

{¶2} In 1987, Mr. Morris pleaded guilty to five charges of aggravated robbery and one charge of kidnapping. A three-judge panel found him guilty of two charges of aggravated murder, one charge of attempted aggravated murder, and one charge of carrying a concealed weapon. On September 3, 1987, the trial court sentenced him to prison "for the remainder of his natural life" for the aggravated murder charges and imposed significant prison terms for each of the other charges as well. (Emphasis omitted.) Mr. Morris appealed, and this Court affirmed his convictions. *State v. Morris*, 9th Dist. Summit No. 13366, 1988 WL 40387 (Apr. 27, 1988). On November 6, 2008, Mr. Morris petitioned the trial court for postconviction relief. The trial court dismissed the petition, and this Court affirmed, concluding that the petition was untimely. *State*

*v. Morris*, 9th Dist. Summit No. 24613, 2009-Ohio-3183. On March 22, 2019, Mr. Morris filed a "Motion for De Novo Resentencing to Correct Void Sentence," in which he argued that his sentences for aggravated murder were void because the trial court did not have the authority to sentence him to prison "for the remainder of his natural life." (Emphasis omitted.) The trial court denied his motion, and Mr. Morris filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN[] APPLYING RES JUDICATA TO THIS CASE TO DENY RELIEF.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO VACATE THE VOID SENTENCE IN THIS CASE AND CONDUCT A DE NOVO RESENTENCING, DENYING APPELLANT DUE PROCESS OF LAW.

{¶3} Mr. Morris' assignments of error argue that the trial court erred by denying his post-sentence motion. Because we conclude that the trial court could not consider his motion, his two assignments of error are addressed together.

{¶4} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

This Court may construe an irregular motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "A vaguely titled motion, including a motion to correct or vacate a

judgment or sentence," may be treated as a petition for postconviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated. *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); R.C. 2953.21(A)(1)(a).

{¶5} In his motion, Mr. Morris went to great lengths to emphasize that it should not be treated as a petition for postconviction relief. The manner in which a defendant captions or classifies a filing, however, is not controlling: the classification of a motion rests on the type of relief it seeks to obtain. *See State v. Fryer*, 5th Dist. Perry No. 18-CA-00005, 2018-Ohio-3024, ¶ 20 (observing that the caption of a pro se pleading "[did] not conclusively define the nature of the pleading."). *Compare Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, ¶ 38, citing *State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 132 (1991); *State v. Davidson*, 17 Ohio St.3d 132, 135 (1985); *Dept. of Natural Resources v. Ebbing*, 3d Dist. Mercer No. 10-13-24, 2015-Ohio-471, ¶ 83, fn. 17. This Court has characterized similar motions as petitions for postconviction relief. *See, e.g.*, *State v. Higgins*, 9th Dist. Summit No. 29324, 2019-Ohio-3081, ¶ 9-10; *State v. Walker*, 9th Dist. Summit No. 29151, 2019-Ohio-605, ¶ 7-8. Mr. Morris' motion is appropriately considered as a petition for postconviction relief as well.

{¶6} R.C. 2953.21(A)(2)[1] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A defendant

---

[1] Mr. Morris filed his petition on March 22, 2019, so the current versions of the postconviction statutes apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

who was sentenced prior to the amendment of Ohio's postconviction act, however, could file a petition for postconviction relief within one year of the effective date of the amendment, or by September 21, 1996. *See* 1995 Am.Sub.S.B. No. 4, Section 3. Mr. Morris was sentenced in 1987—eight years before the amendment of Ohio's postconviction statute. *Compare State v. Swihart*, 9th Dist. Medina No. 06CA0091-M, 2007-Ohio-763, ¶ 6. Consequently, Mr. Morris was permitted to file a petition for postconviction relief within one year of the effective date of the act, or by September 21, 1996. *See* 1995 Am.Sub.S.B. No. 4, Section 3; *Swihart* at ¶ 6. His "Motion for De Novo Resentencing to Correct Void Sentence" was filed almost twenty-three years after that date and was "clearly untimely." *See Swihart* at ¶ 7. In addition, "R.C. 2953.23(A) allows a prisoner to file only one postconviction petition in most situations." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 21. Mr. Morris' current petition also represents at least the second that he has filed. Mr. Morris' petition, therefore, is both untimely and successive. *See id*.

{¶7} "R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under specific, limited circumstances." *Apanovitch* at ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction when:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the

petitioner was convicted." R.C. 2953.23(A)(1)(b). When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider a petition. *See Apanovitch* at ¶ 36.

{¶8} Mr. Morris' motion did not explain why he was unavoidably prevented from discovering the facts upon which it was based, and it did not identify a retroactive right that has been recognized by the United States Supreme Court. *See* R.C. 2953.23(A)(1)(a). Because Mr. Morris has not satisfied that requirement, we conclude that the trial court could not consider his untimely and successive petition and need not address whether he has satisfied the requirements of R.C. 2953.23(A)(1)(b). *See Apanovitch* at ¶ 26.

{¶9} Mr. Morris' suggestion that his sentences for aggravated murder are void does not change this result. This Court has recognized that the Supreme Court applies its void-sentence analysis only in limited circumstances and, without clear direction from the Supreme Court, this Court has declined to extend its reach. *State v. Wilson*, 9th Dist. Summit No. 29375, 2019-Ohio-4337, ¶ 8. The trial court had jurisdiction over Mr. Morris' criminal case, and when a sentencing Court has jurisdiction and statutory authority to act, errors in sentencing are voidable. *State ex rel. Rodriguez v. Barker*, Slip Opinion No. 2019-Ohio-4155, ¶ 9. *See also State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 37.

{¶10} Mr. Morris' first and second assignments of error are overruled.

III.

{¶11} Mr. Morris' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DAVID C. MORRIS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.