[Cite as *State v. Quinn*, 2021-Ohio-1764.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 20CA0027-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDON Q. QUINN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 17CR0315 |

DECISION AND JOURNAL ENTRY

Dated: May 24, 2021

CARR, Presiding Judge.

{¶1} Appellant, Brandon Quinn, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2017, Quinn was indicted on 11 counts of gross sexual imposition. The first two counts were charged as third-degree felonies as those incidents were alleged to have occurred in 2007 when the victim was less than thirteen years of age. The nine additional counts were charged as fourth-degree felonies. Those incidents were alleged to have occurred between 2008 and 2012 at times when the victim's ability to consent was substantially impaired due to the fact that she was sleeping. A jury found Quinn guilty of all eleven counts in the indictment. The trial court imposed an aggregate four-year prison sentence and classified Quinn as a Tier II sex offender. Quinn's convictions were affirmed on direct appeal. *See State v. Quinn*, 9th Dist. Medina No. 18CA0022-M, 2019-Ohio-3980, ¶ 39; *but see id.* at ¶ 40-47 (Teodosio, P.J., dissenting).

{¶3} While Quinn's appeal was pending, he filed a petition for post-conviction relief in the trial court. The State filed a brief in opposition and asked the trial court to dismiss the petition. Quinn then supplemented his petition. The trial court ultimately issued a journal entry dismissing Quinn's petition without a hearing. The trial court found that several of Quinn's claims could have been raised on direct appeal and that Quinn had not pointed to any evidence outside the record that would merit a hearing.

{¶4} On appeal, Quinn raises four assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING BRANDON QUINN A HEARING ON HIS POST-CONVICTION RELIEF PURSUANT TO [R.C.] 2953.21 PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OF SENTENCE WHEN HE SUPPORTED THE PETITION WITH NEWLY DISCOVERED EVIDENCE, AN EXPERT OPINION INDICATING THE IMPORTANCE OF THE NEWLY DISCOVERED EVIDENCE AND PREJUDICE FOR FAILURE TO USE THE NEWLY DISCOVERED EVIDENCE, AND AN EXPERT OPINION DETAILING INEFFECTIVE ASSISTANCE OF COUNSEL AND THE PREJUDICE TO BRANDON QUINN. (Sic.)

## ASSIGNMENT OF ERROR II

TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO INVESTIGATE AND CHALLENGE THE TRUTHFULNESS OF THE VICTIM'S TESTIMONY WHEN SHE MADE ALLEGATIONS OF ILLEGAL CONDUCT IN RESIDENCES SHE DIDN'T EVEN RESIDE IN DURING THE TIME OF THE ALLEGATIONS AND WAS THAT TO THE PREJUDICE OF BRANDON QUINN[.]

{¶5} In his first assignment of error, Quinn contends that the trial court erred when it denied his petition for post-conviction relief without a hearing because he presented newly discovered evidence which brought the credibility of the victim's testimony into question. In his second assignment of error, Quinn maintains that the newly discovered evidence demonstrated

that trial counsel rendered ineffective assistance by failing to adequately investigate and verify the victim's allegations. This Court disagrees with both assertions.

{¶6} Former R.C. 2953.21(A)(1)(a) provides, in pertinent part:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[] * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶7} Former R.C. 2953.21(A)(2) provides that said petitions shall be filed within 365 days after the date on which the transcript is filed in the direct appeal. A trial court considering a timely petition for post-conviction relief must make a determination as to whether a hearing is warranted. Whether the trial court must conduct a hearing is governed by former R.C. 2953.21(D), which states:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶8} Thus, a trial court may dismiss a petition that "does not allege facts which, if proved, would entitle the prisoner to relief[]" or a petition in which the allegations are negated by the supporting evidence and the record. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraphs two and three of the syllabus. Courts may also consider whether the claims raised in a petition for post-conviction relief are barred by the doctrine of res judicata. *Id.* at paragraph eight of the

syllabus. "Constitutional issues cannot be considered in postconviction proceedings * * * where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him." *Id.* at paragraph seven of the syllabus.

{¶9} "When a trial court exercises its 'gatekeeping' function by determining that the petitioner has not alleged sufficient operative facts that would establish the substantive grounds for relief, our review is a two-step process." *State v. El-Jones*, 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 5. "First, we must determine whether the trial court's findings of fact are supported by competent and credible evidence." *Id.*, citing *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 11, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 52. "If this Court concludes that the findings are properly supported, then this Court reviews the trial court's decision in regard to its gatekeeping function for an abuse of discretion." *El-Jones* at ¶ 5, quoting *Wesson* at ¶ 11, citing *Gondor* at ¶ 52. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} The principal allegation underpinning Quinn's petition was that trial counsel rendered ineffective assistance by failing to properly investigate and challenge the testimony of the victim, S.L. Quinn asserted that a reasonable investigation would have revealed that S.L. "did not live in the residence she alleged the criminal conduct took place during the timeframe in which she alleged the criminal conduct took place." S.L.'s mother, Barbara Quinn, was dating Quinn at the time of the alleged incidents. Quinn attached an affidavit from Barbara Quinn, who averred that while S.L. testified that she lived on Granger Road at the time the incidents occurred in 2007, Barbara Quinn and S.L. did not move to the Granger Road address until January 1, 2008. Barbara

Quinn further averred that Quinn lived on Haury Road in Medina "for the period covering the majority of 2007." The affidavit was supported by a copy of the Granger Road lease agreement, which showed that the lease commenced on December 1, 2007, as well as checks evidencing payments made pursuant to the lease. Quinn also attached his 2007 W-2 form indicating that he lived on Haury Road at that time.[1] Several months after filing his petition, Quinn submitted the report of a criminal defense attorney who averred that, in his professional opinion, trial counsel rendered ineffective assistance by failing to conduct an investigation to uncover evidence that could have been used to impeach S.L.'s testimony.

{¶11} Quinn set forth three constitutional claims pertaining to trial counsel's performance.[2] Quinn argued that trial counsel rendered ineffective assistance by (1) failing to perform an investigation and conduct adequate discovery pertaining to S.L.'s allegations, particularly in regard to where the incidents occurred, (2) failing to adequately cross-examine S.L. and introduce evidence contradicting her testimony, and (3) failing to move for a new trial on the basis that the details of the lease agreement called S.L.'s credibility into question.

{¶12} In dismissing the petition without a hearing, the trial court found that Quinn did not provide any probative evidentiary materials in support of his petition other than the affidavit of Barbara Quinn. The trial court found that many of the claims relating to trial counsel's performance were barred by res judicata as those issues could have been raised on direct appeal. The trial court further determined that even "assum[ing], *arguendo*, that the narrow issue of the residence location raised in the affidavit [fell] outside of the record[,]" the allegations in the

---

[1] At several points throughout his petition, Quinn noted that he was not able to provide additional evidence in support of his claims because he needed a court-appointed investigator as well as time to conduct additional discovery.

[2] Quinn set forth a fourth claim wherein he alleged that the indictment did not contain a statement evidencing a probable cause finding.

affidavit neither negated the element of venue, nor did the allegations call trial counsel's performance into question to the extent that the result of the trial would have been different. (Italics in original.)

{¶13}  On appeal, Quinn asserts that the evidence he attached to his petition was sufficient to merit a hearing.  Stressing that S.L.'s testimony was central to the State's case, Quinn maintains that a hearing was necessary to determine whether trial counsel rendered ineffective assistance by failing to adequately investigate and verify the victim's allegations.  Although Quinn argues that the trial court erroneously denied his motion without a hearing, it does not appear that he challenges the trial court's factual findings.  *See* App.R. 16(A)(7).

{¶14}  This Court remains mindful that "in Ohio, a properly licensed attorney is presumed competent."  *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 62.  In order to prevail on his claims of ineffective assistance of counsel, Quinn must show that (1) trial counsel's performance was deficient, and (2) he was prejudiced by trial counsel's deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.  This Court need not address both prongs of the *Strickland* test if appellant fails to prove either prong.  *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶15}  Under the circumstances of this case, the trial court did not abuse its discretion when it dismissed Quinn's petition without a hearing.  As an initial matter, a review of the record reveals that the credibility of S.L.'s testimony was a central issue at trial.  Many of the challenges to trial counsel's performance that Quinn set forth in support of his petition, such as not adequately

cross-examining certain witnesses and failing to advance alternate theories attacking S.L.'s credibility, were evident on the face of the record at the time Quinn filed his direct appeal. Thus, these challenges cannot be considered during a post-conviction proceeding because they could have been fully litigated on direct appeal and are now barred under the doctrine of res judicata. *Perry*, 10 Ohio St.2d 175, at paragraphs seven and eight of the syllabus.

{¶16} Furthermore, the allegations in Barbara Quinn's affidavit and the supporting documents did not constitute the operative facts necessary to merit a hearing. At trial, S.L. testified that she was eleven years old when Quinn began living with S.L., her mother, and her siblings. During her testimony, S.L. acknowledged a degree of uncertainty about where they resided when they first moved to Medina. Although S.L. testified that she "believe[d]" that the Granger Road residence was the first place she lived in Medina, she noted that there was "lots of moving around." Significantly, however, S.L. testified that Quinn lived with S.L., her mother, and her siblings during the entirety of the time that they resided in Medina. S.L. gave a detailed account of how Quinn began to molest her when she was eleven years old and, further, how Quinn's conduct persisted on a regular basis until she moved out in 2012. Accordingly, the trial court's decision to dismiss the petition without a hearing was not unreasonable, arbitrary, or unconscionable given that Quinn failed to demonstrate substantive grounds for relief on the basis of ineffective assistance of counsel. Even if trial counsel had pursued a defense strategy based on the residence location averments contained in Barbara Quinn's affidavit, there is no basis to conclude that the result of the trial would have been different. *See Strickland* at 687.

{¶17} Finally, to the extent that Quinn argues that the trial court abused its discretion by denying him additional discovery and access to a court-appointed investigator, we note that there is generally no right to discovery in a post-conviction proceeding. *See State v. Craig*, 9th Dist.

Summit No. 24580, 2010-Ohio-1169, ¶ 6. The procedures applicable to a post-conviction proceeding are set forth in R.C. 2953.21. *Craig* at ¶ 6. Non-capital offenders filing a petition for post-conviction relief do not have a right to discovery under R.C. 2953.21.

{¶18} The first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE INDICTMENT IN THIS CASE IS VOID DUE TO [THE] FAILURE OF THE INDICTMENT TO FIND PROBABLE CAUSE BY THE GRAND JURY?

{¶19} In his third assignment of error, Quinn contends that the indictment in this case is void because it does not specify that the grand jury made a probable cause finding. We have previously confronted this issue and held that the lack of a specific probable cause finding on the face of an indictment does not render the indictment void. *State v. Zazzara*, 9th Dist. Medina No. 18CA0007-M, 2019-Ohio-662, ¶ 7, citing *State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M, 16CA0034-M, 2017-Ohio-5482, ¶ 7. As any alleged error in the indictment would have been apparent in the record, Quinn could have raised that issue prior to trial pursuant to Crim.R. 12(C) and then subsequently on direct appeal. As Quinn failed to do so, he is now barred from raising the issue on the basis of res judicata. *Zazzara* at ¶ 7.

{¶20} The third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE ASSIGNMENT IS VOID WHEN THE TRIAL JUDGE RECUSES HIMSELF DUE TO THE APPEARANCE OF IMPROPRIETY AND THEN SUBSEQUENTLY EXERCISES AUTHORITY OVER THE CASE WITH ASSIGNMENT TO ANOTHER COURT RATHER THAN THE CHIEF JUSTICE OF THE OHIO SUPREME COURT?

{¶21} In his final assignment of error, Quinn asserts that the initial trial judge improperly exercised authority over this case when he transferred the matter to another judge's docket at the time of his recusal. "Matters of disqualification of trial judges lie within the exclusive jurisdiction

of the chief justice of the Supreme Court of Ohio and [her] designees. This Court is without authority to review a matter involving the disqualification of a judge." (Internal quotations and citations omitted.) *State v. Fry*, 9th Dist. Summit No. 26121, 2012-Ohio-2602, ¶ 49. As such, this Court lacks jurisdiction to address Quinn's fourth assignment of error.

## III.

{¶22} Quinn's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

MICHAEL CALLOW, Attorney at Law, for Appellant.

THOMAS ERB, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.