**[Cite as *State v. Morris*, 2021-Ohio-2226.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

DAVID C. MORRIS

    Appellant

C.A. No.    29809

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 87 04 0423(A)

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

CARR, Judge

{¶1}    Defendant-Appellant David C. Morris appeals, pro se, an order of the Summit County Court of Common Pleas denying his "Motion for Relief from Judg[ment] Civil Rule 60(B) Motion[.]"

I.

{¶2}    This Court has previously summarized the lengthy history of this matter in a prior appeal. *State v. Morris*, 9th Dist. Summit No. 29419, 2019-Ohio-5404. Relevant to this appeal, "[o]n March 22, 2019, [] Morris filed a 'Motion for De Novo Resentencing to Correct Void Sentence,' in which he argued that his sentence[] for aggravated murder [was] void because the trial court did not have the authority to sentence him to prison 'for the remainder of his natural life.' (Emphasis omitted.) The trial court denied his motion, and [] Morris [] appeal[ed]." *Id.* at ¶ 2.

{¶3} This Court concluded "that the trial court could not consider his untimely and successive petition * * *." *Id.* at ¶ 8. Further, with respect to Morris' claim that his sentence for aggravated murder was void, this Court noted that "[t]he trial court had jurisdiction over [] Morris' criminal case, and when a sentencing Court has jurisdiction and statutory authority to act, errors in sentencing are voidable." *Id.* at ¶ 9. This Court affirmed the trial court's judgment. *Id.* at ¶ 1.

{¶4} In June 2020, Morris filed a "Motion for Relief from Judg[ment] Civil Rule 60(B) Motion[.]" Morris again challenged the trial court's use of the phrase "the remainder of his natural life" in his 1987 sentencing entry, arguing it rendered his sentence void. The trial court recast Morris' motion as an untimely petition for post-conviction relief and denied the motion. Morris has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION FOR RELIEF FROM VOID SENTENCE.

{¶5} Morris argues in his sole assignment of error that the trial court erred in its 1987 sentencing entry by using the phrase "the remainder of his natural life[,]" and, instead, he should have received a sentence that included parole eligibility after serving 20 years in prison. *See* former R.C. 2903.01(C); former R.C. 2929.02; former R.C. 2929.03. Morris asserts that this error renders his sentence void.

{¶6} As mentioned above, Morris has raised this issue before. *See Morris*, 2019-Ohio-5404, ¶ 2. Morris' sole assignment of error is overruled for the reasons stated in this Court's opinion resolving Morris' prior appeal on the same issue. *See id.* at ¶ 4-9. Like the previous motion, Morris' current motion is properly construed as an untimely and successive petition for post-conviction relief. *See id.* at ¶ 4-8. In addition, Morris has not demonstrated that his sentence

is void. *See id.* at ¶ 9; *see also State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 43 ("A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of that jurisdiction is voidable. Neither the state nor the defendant can challenge the voidable sentence through a postconviction motion."); *State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 22-37. Notably, even if this Court were able to address the merits of his argument there is law which supports that his 1987 sentencing entry would be read to impose parole eligibility after twenty years. *See Brown* at ¶ 34-37; *see also* former R.C. 2903.01(C); former R.C. 2929.02; former R.C. 2929.03.

{¶7} Morris' assignment of error is overruled.

III.

{¶8} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT


HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

DAVID C. MORRIS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.