[Cite as *State v. White*, 2022-Ohio-605.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CLIFTON WHITE, III

    Appellant

C.A. No.     30041

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1996-01-0059

DECISION AND JOURNAL ENTRY

Dated: March 2, 2022

TEODOSIO, Presiding Judge.

{¶1} Appellant, Clifton White III, appeals from the trial court's judgment denying his motion to vacate void judgment in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On Christmas Eve in 1995, Mr. White shot and killed two people in his apartment with deer slugs from a 12-gauge pump shotgun and then tried to kill a third person inside of a Kentucky Fried Chicken restaurant. *See State v. White*, 85 Ohio St.3d 433, 434 (1999). The third victim survived, but lost most of his right ear, part of his skull, and the right upper lobe of his brain. *See id.* Mr. White was later convicted after a jury trial of aggravated murder with two death specifications, murder, and attempted aggravated murder, along with firearm specifications for each count. *See id.* at 435. Following a mitigation hearing, the trial court sentenced him to prison terms for murder and attempted aggravated murder and imposed a sentence of death for

aggravated murder. *See id.* The Supreme Court of Ohio affirmed his convictions and death sentence on appeal. *See id.*

{¶3} Mr. White filed a petition for post-conviction relief in the trial court, which was denied. This Court affirmed the trial court's judgment on appeal. *See State v. White*, 9th Dist. Summit No. 19040, 1999 WL 394938 (June 16, 1999). Years later, he filed a second petition for post-conviction relief, which the trial court denied. This Court affirmed the trial court's judgment on appeal, but that decision was later reversed by the Supreme Court of Ohio. *See State v. White*, 9th Dist. Summit No. 22591, 2005-Ohio-6990, *rev'd*, 118 Ohio St.3d 12, 2008-Ohio-1623. Because Mr. White was intellectually disabled[1] and thus ineligible for the death penalty pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), and *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, the matter was remanded to the trial court for resentencing. Upon remand, the trial court resentenced Mr. White to 61-76 years to life in prison. Many years later, Mr. White filed a motion to vacate void judgment in the trial court, challenging his original indictment as defective. The court reclassified the motion as a petition for post-conviction relief and denied it as being both untimely and successive.

{¶4} Mr. White now appeals from the trial court's judgment denying his motion to vacate void judgment and raises one assignment of error for this Court's review.

---

[1] In recent years, both the Supreme Court of Ohio and the United States Supreme Court have made a concerted effort to use the term "intellectually disabled" rather than "mentally retarded," and we shall do the same. *See, e.g., State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, ¶ 44, fn.1; *Brumfield v. Cain*, 576 U.S. 305, 308 (2015), fn.1.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO VOID (SIC) SENTENCE WHERE DEFENDANT'S SENTENCE IS VOID AS A MATTER OF LAW.

{¶5} In his sole assignment of error, Mr. White argues that the trial court erred in denying his motion to vacate void judgment because the indictment in this case was allegedly never signed by a foreperson or deputy foreperson. According to Mr. White, the defective indictment violated his due process rights and his right to fundamentally fair grand jury proceedings, so the trial court never had jurisdiction and should have vacated his sentence and convictions as void. We disagree.

{¶6} We recognize at the outset that the trial court reclassified Mr. White's motion to vacate void judgment as a petition for post-conviction relief. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "'A vaguely titled motion, including a motion to correct or vacate a judgment or sentence,' may be treated as a petition for post[-]conviction relief under R.C. 2953.21(A)(1) when the motion was filed after a direct appeal, alleged a denial of constitutional rights, sought to render the judgment void or voidable, and requested that the judgment and sentence be vacated." *State v. Higgins*, 9th Dist. Summit No. 29628, 2020-Ohio-2914, ¶ 5, quoting *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6. Mr. White's motion to vacate void judgment meets these criteria, so we conclude that it was properly reclassified as a petition for post-conviction relief.

{¶7} A post-conviction proceeding is a collateral civil attack on a criminal judgment, in which the petitioner receives no more rights than those granted by the statute. *State v. Calhoun*,

86 Ohio St.3d 279, 281 (1999). Former R.C. 2953.21(A)(1)(a)[2] stated that anyone convicted of a criminal offense:

> who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶8} We generally review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 10. "Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law." *Id.* "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. Here, the trial court found not only that Mr. White's petition was untimely and successive under R.C. 2953.21, but also that he failed to argue any of the exceptions in R.C. 2953.23 applied. Our standard of review in this matter is therefore de novo.

{¶9} Mr. White filed a direct appeal from his convictions, and his sentence of death was later overturned by the Supreme Court. Thus, he was required to file his petition no later than 365 days after the date on which the trial transcript was filed in his direct appeal. Former R.C. 2953.21(A)(2). The trial transcript was filed in Mr. White's direct appeal to the Supreme Court on January 22, 1997. He filed his petition in this matter on March 4, 2021, more than 24

---

[2] Although Mr. White was convicted in 1996, he filed his petition on March 4, 2021, so the amended versions of the post-conviction relief statutes that were in effect from April 6, 2017, until April 12, 2021, apply in this case. *See, e.g., State v. Morris*, 9th Dist. Summit No. 29419, 2019-Ohio-5404, ¶ 6, fn. 1 (citing cases and recognizing that "the triggering event is the filing of the post[-]conviction petition, which determines the applicable version of the statute.").

years past the statutory deadline. Apart from being untimely, Mr. White's petition was also successive, as the record reveals that he filed two prior petitions for post-conviction relief in 1998 and 2002.

{¶10} A trial court may not entertain untimely or successive petitions for post-conviction relief unless the petitioner satisfies certain requirements. *See* Former R.C. 2953.23(A)(1). First, he must show either that (1) he was "unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right." Former R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." Former R.C. 2953.23(A)(1)(b).

{¶11} Raising a defective indictment argument does not constitute an exception to R.C. 2953.23's procedural requirements. *State v. Morris*, 9th Dist. Summit No. 24613, 2009-Ohio-3183, ¶ 7. Beyond that, Mr. White made no attempt to satisfy the requirements of Former R.C. 2953.23(A)(1). "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive post[-]conviction petition." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Consequently, the trial court lacked authority to entertain Mr. White's petition, so we cannot say that the court erred in denying it. *See Nichols* at ¶ 13.

{¶12} Even assuming arguendo that the trial court had authority to entertain Mr. White's petition, his claims would nonetheless be precluded by res judicata. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶13} Mr. White argued in his petition that the indictment in this case was defective because it was not signed by the foreperson or deputy foreperson. As a result, he argued that his "due process rights and right to fundamentally fair grand jury proceedings were denied by the prosecutor's failure to present a valid indictment" and "the trial court never invoked its jurisdiction [] by the [r]eturn of a valid indictment." Any alleged error in the indictment would have been apparent in the record, however, and Mr. White could have raised that issue prior to trial pursuant to Crim.R. 12(C) and then later on direct appeal. *See State v. Quinn*, 9th Dist. Medina No. 20CA0027-M, 2021-Ohio-1764, ¶ 19. As it stands now, Mr. White's arguments are barred by the doctrine of res judicata.

{¶14} Mr. White's argument that his sentence and convictions are void because the court "never invoked its jurisdiction" does not change that result. In fact, his contention that the indictment was unsigned does not actually implicate the court's jurisdiction. *See State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 12 (stating that a grand jury foreman's failure to sign an indictment does not deprive the trial court of jurisdiction); *accord State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73 (1990). A sentence is only void "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. "[P]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.'" *Id.* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8. Furthermore, a court acquires personal

jurisdiction over a person "by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 36. "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id.* Because the trial court here had both subject-matter jurisdiction over the case and personal jurisdiction over Mr. White, his sentence was not void. *See State v. Dyson*, 9th Dist. Wayne No. 21AP0021, 2021-Ohio-4466, ¶ 9. Any sentence based on an error in the court's exercise of its jurisdiction would be voidable, and "neither the state nor the defendant can challenge [a] voidable sentence through a post[-]conviction motion." *Henderson* at ¶ 43. *See also Harper* at ¶ 42 ("When the sentencing court has jurisdiction to act, sentencing errors * * * render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal."). Accordingly, Mr. White's arguments are now barred by res judicata, and we can only conclude that the trial court did not err in denying his petition for post-conviction relief.

{¶15} Mr. White's sole assignment of error is overruled.

III.

{¶16} Mr. White's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.


APPEARANCES:

CLIFTON WHITE, III, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.