[Cite as *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2024-Ohio-3174.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO EX REL. DANTE' D.
GORDON

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS, ET AL.

    Respondents

C.A. Nos. 31131
           31132
           31133

ORIGINAL ACTION IN
MANDAMUS, PROCEDENDO,
AND PROHIBITION

Dated: August 21, 2024

PER CURIAM.

{¶1} Relator, Dante' D. Gordon, has petitioned this Court for writs of mandamus, procedendo, and prohibition. Respondents, Summit County Common Pleas Court, one retired common pleas court judge, and one active common pleas court judge, have moved to dismiss. Mr. Gordon did not reply in opposition. The motion to dismiss is granted.

{¶2} Mr. Gordon has filed nine prior cases in the last year that presented nearly identical claims. This Court dismissed six of those cases because Mr. Gordon failed to comply with the mandatory filing requirements of R.C. 2969.25. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-2465; *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2023-Ohio-4107. Mr. Gordon voluntarily dismissed three of the cases. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, Summit App Nos. 30963, 30964, and 30965.

{¶3} Mr. Gordon has now filed three new cases, all presenting the same arguments in support of his complaints seeking writs of mandamus, procedendo, and prohibition. Respondents, retired Judge Jane Bond, the judge who accepted his plea and sentenced him in 1998, and Judge Susan Baker Ross, who currently presides over his criminal case, moved to dismiss. Mr. Gordon has not responded in opposition.

*Standard for Motion to Dismiss*

{¶4} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). Unsupported conclusions, however, are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988).

{¶5} Respondents' motion detailed Mr. Gordon's many prior cases in which he challenged his conviction and sentence and argued that the current cases present claims that are barred by res judicata. The Ohio Supreme Court recently explained that "it is generally inappropriate to grant a motion to dismiss based on res judicata because it is an affirmative defense." *State ex rel. Peterson v. Miday*, 2024-Ohio-2693, ¶ 13. One exception to this general rule applies when the documents upon which the res judicata defense is based are attached to the complaint. *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 12. Because Mr. Gordon did not attach the decisions from his prior cases to his complaint, this Court cannot consider res judicata to decide the motion to dismiss.

{¶6} As noted above, when considering the motion to dismiss, we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party, recognizing that unsupported conclusions are insufficient to withstand the

motion to dismiss.  Mr. Gordon's complaint can only be dismissed when, having viewed it in this way, it appears beyond doubt that Mr. Gordon can prove no set of facts that would entitle him to the relief requested.  *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.  With this standard in mind, we turn to consider the claims raised in the complaint.

*Requirements for Writs of Mandamus, Procedendo, and Prohibition*

{¶7}     Mr. Gordon sought three writs based on the same facts.  Because he combined his claims into one complaint, we will consider them together.

{¶8}     "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy."  *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998).  The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus.

{¶9}     To obtain a writ of procedendo, Mr. Gordon must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law.  *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).  Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment.  *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 10.

{¶10}  Finally, for this Court to issue a writ of prohibition, Mr. Gordon must establish, by clear and convincing evidence, (1) the exercise of judicial power, (2) the exercise of that power is unauthorized by law, and (3) an injury would result from denial of the writ for which no other

adequate remedy exists in the ordinary course of the law. *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6.

*Factual Background*

{¶11} With these standards in mind, we begin with the facts alleged in the complaint. Mr. Gordon's complaint covers 61 pages and asserts 13 interrelated claims for relief. It also includes almost 150 pages of attachments. The facts all center around Mr. Gordon's criminal charges, pretrial proceedings, guilty plea, and sentence.

{¶12} The criminal case began in 1998 when Mr. Gordon was arrested in Hamilton County, Ohio, for a murder that occurred in Summit County, Ohio. Following his arrest, Mr. Gordon was returned to Summit County and held in the Summit County Jail.

{¶13} After extensive pretrial proceedings, Mr. Gordon entered a guilty plea to an amended charge of murder with a gun specification. He was sentenced to 15 years to life for murder and three additional years for the gun specification.

{¶14} The complaint alleges an extensive list of violations in support of the claims for relief:

> - the complaint was unsworn;
> - all of the evidence was false;
> - a conspiracy including the judge, prosecutor, defense attorney, magistrate, and Akron Police Officers was responsible for his conviction;
> - defense counsel coerced and threatened him to plead guilty;
> - the direct indictment was dismissed by the Akron Municipal Court;
> - Judge Bond never had personal jurisdiction or subject matter jurisdiction;
> - Mr. Gordon presented exculpatory evidence that proves his conviction is void;
> - all of the government documents, police reports, criminal complaint, indictment, and journal entries are false;
> - police officers lied to Mr. Gordon;
> - the indictment was not signed by the grand jury foreperson;

- the indictment was incomplete;
- an expert hired by Mr. Gordon many years later proved Mr. Gordon could not be guilty and that police falsified documents;
- Judge Bond forced Mr. Gordon to plead to an offense that does not exist;
- defense counsel did not speak to an alibi witness;
- new evidence from 2008 and 2022 show corruption of the prosecutor's office;

The first 47 pages of the complaint allege these facts, along with many other that are not relevant to this decision. The summary of allegations noted above forms the basis of all 13 of Mr. Gordon's claims for relief. These claims seek writs of mandamus, procedendo, and prohibition. In some instances, the same allegations are cited to support the grant of all three writs. For that reason, we will address some of the claims together.

*The 13 Claims for Relief*

{¶15} In his first claim, Mr. Gordon seeks a writ of prohibition because, the complaint alleges, Judge Bond exercised judicial power where she patently and unambiguously lacked subject matter jurisdiction. Specifically, Mr. Gordon alleges Judge Bond lacked subject matter jurisdiction because the indictment was not signed, the conspiracy of the police and prosecutor, the use of false evidence, and the ineffective assistance of his trial counsel. The complaint further alleges that the writ of prohibition can be granted to order Judge Bond and Judge Ross to correct the result of the prior unauthorized judicial acts.

{¶16} As noted above, to issue a writ of prohibition, the relator must normally establish that the judge is about to exercise judicial power unauthorized by law and that the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). If the judge's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 62. In those cases, prohibition will

lie both to prevent the unauthorized exercise of jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction. *State ex rel. Smith v. Frost*, 74 Ohio St.3d 107, 109 (1995); *State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9.

{¶17} In many prohibition cases, the relator only seeks to prevent anticipated unauthorized judicial action. This reflects the well-established rule that the writ of prohibition provides a preventative rather than corrective remedy. (Quotation omitted) *State ex rel. Feltner v. Cuyahoga Cnty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6. In this case, however, Mr. Gordon seeks the writ to correct Judge Bond's past actions. For a corrective writ of prohibition to issue, Mr. Gordon must demonstrate that Judge Bond patently and unambiguously lacked jurisdiction to take the action about which he complains. *Id.* at ¶ 6, 8. As noted above, under these circumstances, Mr. Gordon is not required to demonstrate that he lacked an adequate remedy in the ordinary course of the law. *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590 (1994).

{¶18} The complaint repeatedly alleges that because the indictment was unsigned, Judge Bond lacked jurisdiction. This Court has held, however, that the fact that an indictment was not signed does not implicate the court's jurisdiction. *State v. White, III*, 2022-Ohio-605, ¶ 14 (9th Dist.). As this Court and the Ohio Supreme Court have recognized, a sentence is only void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused. *Id.* citing *State v. Harper*, 2020-Ohio-2913, ¶ 42. Judge Bond and the Summit County Court of Common Pleas had jurisdiction over the offense and Mr. Gordon, notwithstanding his unsupported allegations to the contrary. *Id.* Because Judge Bond had jurisdiction and authority to act, Mr. Gordon can present no set of facts warranting relief and he is not entitled to a writ of prohibition.

{¶19}  In his second claim for relief, Mr. Gordon seeks a writ of mandamus to order Judge Ross to correct the conviction and sentence entered by Judge Bond, allegedly without jurisdiction. The complaint sets forth no factual allegations in support of the conclusion that Judge Bond acted without jurisdiction.  Because we have already determined the Judge Bond did not act without jurisdiction in resolving the first claim, and because the complaint sets forth no facts at all in the second claim, we conclude that Mr. Gordon can present no set of facts warranting relief as to the second claim for relief.

{¶20}  In his third claim for relief, Mr. Gordon seeks a writ of prohibition to order Judge Ross to vacate his guilty pleas that were entered to a crime that does not exist in Ohio.  The complaint alleges that, according to the transcript, Judge Bond took his plea to an offense that does not exist in Ohio, "Murder – wrongfully took the life."

{¶21}  According to the complaint, Mr. Gordon entered a guilty plea to this nonexistent offense.  The complaint includes an excerpt of what purports to be a portion of the transcript of the plea and sentencing hearing and the full transcript is attached to the complaint.  According to the excerpt in the complaint, Judge Bond asked Mr. Gordon if he "wrongfully took the life" of the victim and Mr. Gordon responded "Yes."  Mr. Gordon ignores the first two exchanges that are also set forth in the complaint.

{¶22}  First, Judge Bond asked Mr. Gordon how he "plead to the amended charge of murder as a special felony of the first degree?" and Mr. Gordon responded "Guilty."  Next, Judge Bond asked Mr. Gordon if he entered "that plea because you committed that offense?" and Mr. Gordon responded "Yes."  In context, then, Judge Bond next asked Mr. Gordon if he "wrongfully took the life" of the victim and, again, Mr. Gordon responded "Yes."

{¶23} The judgment of conviction is also attached to and incorporated into the complaint. That entry reflects that the trial court amended count 1 of the indictment from aggravated murder to the lesser included offense of murder. It further states that Mr. Gordon entered a plea of guilty to murder as contained in amended count 1 of the indictment.

{¶24} Judge Bond did not accept a plea to an offense that does not exist in Ohio, as the complaint sets forth in an unsupported conclusion in this claim for relief and in several others still to be considered. Instead, Judge Bond asked Mr. Gordon a series of questions as part of Mr. Gordon's entering a guilty plea to murder, as reflected in the complaint and the transcript and judgment of conviction attached to the complaint. Considering the factual allegations in the light most favorable to Mr. Gordon, the complaint fails to state a claim as to the third claim.

{¶25} In his fourth claim for relief, Mr. Gorden seeks a writ of mandamus to order Judge Ross to vacate his guilty plea, conviction, and sentence, for reasons already discussed above (plea to "wrongfully took life" murder and conspiracy among trial court, police, and prosecutor) and for a reason not previously mentioned: the Akron Municipal Court dismissed the direct indictment filed in his case. We first consider this new allegation.

{¶26} There is no question that, as a matter of law, a municipal court cannot dismiss an indictment, which is pending in a court of common pleas, but the complaint alleges that is what happened in this case. The complaint includes a printout from the Akron Municipal Court's online docket as an exhibit to support this allegation.

{¶27} The printout shows the case number of a case that was filed in Akron Municipal Court. That case included one count of aggravated murder. The exhibit also shows that the "finding" for this offense was "Dismissed Direct Indictment." The complaint alleges that this means the Akron Municipal Court dismissed the indictment for aggravated murder and, therefore,

Mr. Gordon could not plead guilty to the dismissed offense. That conclusion misunderstands the clerk's office printout. This exhibit reflects that the case in municipal court, where Mr. Gordon might have been arraigned, had a preliminary hearing, and had his case bound over to the grand jury, pursuant to Crim.R. 5, was dismissed because Mr. Gordon was indicted. Crim.R. 5(B)(1).

{¶28} Having already considered the other facts alleged in support of this claim, and adding to them the unsupported allegation that the Akron Municipal Court dismissed the indictment, and considering all of these factual allegations in the light most favorable to Mr. Gordon, the complaint fails to state a claim as to the fourth claim.

{¶29} We consider the fifth, sixth, and seventh claims together because they rely on factual allegations we reviewed when addressing the first four claims for relief.

{¶30} In his fifth claim for relief, Mr. Gordon seeks a writ of prohibition because Judge Bond exercised judicial power based on falsified evidence, a conspiracy, and ineffective assistance of counsel. In his sixth claim for relief, Mr. Gordon seeks a writ of mandamus to order Judge Ross to vacate his guilty pleas, conviction, and sentence because Judge Bond lacked subject matter jurisdiction based on the use of false evidence and the Akron Municipal Court's dismissal of the indictment. In his seventh claim for relief, Mr. Gordon seeks a writ of mandamus to order Judge Ross to vacate his pleas, conviction, and sentence because he was convicted on an indictment that was dismissed. We have already considered these allegations and concluded that they do not support the granting of an extraordinary writ. Considering these factual allegations in the light most favorable to Mr. Gordon, the complaint fails to state a claim as to the fifth, sixth, and seventh claims for relief.

{¶31} In his eighth claim for relief, Mr. Gordon seeks a writ of mandamus to order Judge Ross to vacate his conviction and sentence on the gun specification. The complaint alleges that

because Mr. Gordon was improperly convicted of "wrongfully took life" murder, which is not an offense in Ohio, there could be no gun specification enhancement to a non-existent crime. We have already concluded there is no factual support to the allegation that Mr. Gordon was convicted of the "wrongfully took life" murder offense as the complaint alleges. Thus, there is no support for the allegation that he could not be convicted of the firearm specification. Accordingly, considering the factual allegations in the light most favorable to Mr. Gordon, the complaint fails to state a claim as to the eighth claim for relief.

{¶32} In his ninth claim for relief, Mr. Gordon seeks a writ of procedendo to order Judge Ross to vacate his void guilty pleas, void plea contract, void convictions, void sentence, and void journal entry. The complaint alleges Mr. Gordon is entitled to the writ or procedendo because of the exculpatory evidence he has presented with the complaint.

{¶33} This claim for relief sets forth no factual allegations that would support the grant of a writ of procedendo. This claim for relief sets forth one long sentence that simply asserts that because exculpatory evidence is attached to the complaint, this Court must order Judge Ross to vacate the plea, conviction, and sentence. The complaint fails to allege how or why Mr. Gordon is entitled to a writ of procedendo. The complaint does not allege that Mr. Gordon has a clear legal right to require Judge Ross to proceed, that Judge Ross has a clear legal duty to proceed, and that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9. Because there are no factual allegations in the ninth claim for relief to support the grant of a writ of procedendo, the complaint fails to state a claim for relief.

{¶34} We consider the tenth and eleventh claims for relief together because they reassert factual allegations we previously considered when addressing the first nine claims for relief.

{¶35} In the tenth claim for relief, the complaint alleges Mr. Gordon is entitled to a writ of prohibition because he entered a guilty plea to "wrongfully taking life" murder, which is not an offense in Ohio, so the plea, conviction, and sentence are void. In the eleventh claim, the complaint alleges Mr. Gordon is entitled to a writ of mandamus for the same reason and that Judge Ross has a duty to vacate his void plea, conviction, and sentence.

{¶36} We have already considered the unsupported factual allegation that Mr. Gordon entered a guilty plea to a non-existent offense. Having concluded there is no support for this allegation, we further conclude that there are no factual allegations to support the tenth and eleventh claims for relief and, therefore, the complaint fails to state a claim for relief.

{¶37} In the twelfth claim, the complaint alleges that Mr. Gordon is entitled to a writ of prohibition because the trial court lacked subject matter jurisdiction to sentence him for the gun specification. The complaint alleges two different things. First, it alleges that when the count of aggravated murder was amended to murder, the specification had to also be amended. Second, the complaint restates the unsupported allegation that Mr. Gordon entered a guilty plea to "wrongfully took life" murder, which is not an offense in Ohio, so he could not be convicted of a specification to a nonexistent offense.

{¶38} We have previously considered the second argument and there is no support for the allegation that Mr. Gordon entered a guilty plea to a nonexistent offense. As to the first argument, even if we consider the allegation that the specification should have been amended, because we take that allegation in the light most favorable to Mr. Gordon, that would merely be a defect in the indictment. A defect in an indictment does not deprive a trial court of jurisdiction. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 18. Having considered both arguments in support of the

twelfth claim for relief, and considering the facts in the light most favorable to Mr. Gordon, we conclude there are no factual allegations to support this claim for relief.

{¶39} In the thirteenth claim for relief, the complaint alleges that Mr. Gordon is entitled to the writ of mandamus to order Judge Ross to vacate the three-year gun specification sentence. This claim is based on allegations we have previously considered: the indictment was dismissed by the Akron Municipal Court and Mr. Gordon entered a plea to the nonexistent "wrongfully took life" murder charge. We have already concluded that there is no factual support for either of these allegations. Having concluded there is no support for these allegations, we further conclude that there are no factual allegations to support the thirteenth claim for relief.

### *Conclusion*

{¶40} We have fully considered Mr. Gordon's complaint and the respondents' motion to dismiss. When reviewing the motion to dismiss under Civ.R. 12(B)(6), we have presumed that the factual allegations in the complaint are true and made reasonable inferences in favor of Mr. Gordon. *Wilkinson*, 69 Ohio St.3d at 490. We have also distinguished factual allegations from unsupported conclusions because those are insufficient to withstand a motion to dismiss. *Mitchell*, 40 Ohio St.3d 193.

{¶41} After reviewing the complaint with these standards in mind, we conclude that it appears beyond doubt that Mr. Gordon can prove no set of facts that would entitle him to the relief requested. *Goudlock*, 2008-Ohio-4787, ¶ 7. Accordingly, the motion to dismiss is granted.

{¶42} The cases are dismissed. Costs taxed to Mr. Gordon.

**{¶43}** The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

DANTE D. GORDON, Pro Se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant
Prosecuting Attorney, for Respondents.