[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunter v. Goldberg*, Slip Opinion No. 2024-Ohio-4970.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4970

THE STATE EX REL. HUNTER *v.* GOLDBERG, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hunter v. Goldberg*, Slip Opinion No. 2024-Ohio-4970.]**

*Mandamus—Supersedeas—Posting of bonds—Relator cannot show a right to a writ of mandamus or supersedeas to stay a judgment until she posts a bond and bond is approved by court—Writs denied.*

(No. 2024-0205—Submitted September 3, 2024—Decided October 17, 2024.)

IN MANDAMUS and SUPERSEDEAS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, STEWART, BRUNNER, and DETERS, JJ. DONNELLY, J., did not participate.

**Per Curiam.**

{¶ 1} Relator, Michelle Hunter, f.k.a. Michelle Troutman, filed this original action requesting a writ of mandamus or, alternatively, a writ of supersedeas,

against respondents, Judge Francine Goldberg, of the Cuyahoga County Court of Common Pleas, Domestic Relations Division ("trial court"), and Judges Eileen A. Gallagher and Sean C. Gallagher, of the Eighth District Court of Appeals, ordering a stay of execution of a divorce judgment entered by the trial court while she appeals the judgment. We deny the writs.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} In 2020, Hunter filed a complaint for divorce against her husband, Holden Troutman in the Cuyahoga County Court of Common Pleas. On December 27, 2023, the trial court issued a final judgment of divorce, ordering that Hunter's residence be immediately listed for sale and that all proceeds be allocated to Troutman. The trial court also allocated the remaining property and ordered Hunter to pay $192,960.22 of Troutman's attorney fees.

{¶ 3} On December 28, 2023, Hunter appealed the divorce decree to the Eighth District. That same day, she filed a Civ.R. 62(B) motion in the trial court to stay enforcement of the judgment and the division of property pending appeal, conditioned upon her posting a $192,960.22 bond (the amount of the attorney-fee award). Hunter did not actually post or otherwise submit a bond to the trial court. On January 2, 2024, the trial court denied Hunter's motion for a stay.

{¶ 4} On January 3, 2024, Hunter filed a motion under App.R. 7 in the Eighth District for a stay pending appeal. She again proposed a bond of $192,960.22. Troutman, in his memo in opposition, argued that the motion should be denied but that if the court were to grant the stay, a supersedeas bond of $1,500,000 would be appropriate. On January 29, the court of appeals denied the motion. The journal entry states in its entirety, "Motion by appellant for stay pending appeal is denied."

{¶ 5} On February 9, Hunter filed this complaint for a writ of mandamus ordering either the trial court or the court of appeals to grant a stay of execution and enforcement of the judgment pending appeal, conditioned on her filing an adequate

bond or other appropriate security as set by the respondents. Alternatively, she seeks a writ of supersedeas to stay execution and enforcement of the judgment conditioned on her filing an adequate bond as set by this court. She also filed with this court an emergency motion for a temporary stay of execution of the trial court's judgment during the pendency of this case.

**{¶ 6}** We issued an alternative writ and ordered the submission of evidence and briefs. 2024-Ohio-745. We also granted Hunter's motion for a temporary stay and ordered "[e]xecution and enforcement of the trial-court judgment . . . stayed pending resolution of this action." *Id.*

## II. LEGAL ANALYSIS

### A. *Writ of mandamus*

**{¶ 7}** Hunter first seeks a writ of mandamus ordering the trial court "and/or" the court of appeals to grant her a stay of execution and enforcement of the trial court's judgment pending appeal, conditioned on her filing an adequate bond in an amount set by either the trial court or court of appeals.

**{¶ 8}** To be entitled to a writ of mandamus, Hunter must prove by clear and convincing evidence (1) a clear legal right to the relief she requests, (2) a clear legal duty on the part of the trial court or court of appeals to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18. "Although a writ of mandamus will generally not issue to control judicial discretion, even if that discretion is abused, the writ will lie in certain circumstances where a lower court has *no discretion* on a matter." (Emphasis in original.) *State ex rel. State Fire Marshal v. Curl*, 2000-Ohio-248, ¶ 17.

**{¶ 9}** The core of Hunter's argument is that under Civ.R. 62(B) and App.R. 7(A), she is entitled as a matter of right to a stay of the trial court's judgment if she posts an adequate supersedeas bond. She argues that the trial court and court of appeals have discretion to set the amount of the bond but have no discretion to deny

her the right to post a bond.  In response, the trial court and court of appeals first argue that they have discretion to deny the stay, and second, that Hunter did not actually post a bond for them to consider.

{¶ 10} Civ.R. 62(B) sets forth how an appellant obtains from the trial court a stay of judgment pending appeal.  It states:

> When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond.  The bond may be given at or after the time of filing the notice of appeal.  The stay is effective when the supersedeas bond is approved by the court.

{¶ 11} App.R. 7 contains similar language regarding a stay requested from a court of appeals, although the rule specifies that the stay must ordinarily first be sought from the trial court.  In addition, although the parties in this case rely upon the Rules of Civil and Appellate Procedure, they also cite R.C. Ch. 2505, which addresses supersedeas bonds and stays during appeals.  R.C. 2505.09 provides:

> [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee, with sufficient sureties and in a sum that is not less than, if applicable, the cumulative total for all claims covered by the final order, judgment, or decree and interest involved [but shall not exceed fifty million dollars], as directed by the court that rendered the final order, judgment, or decree . . . or by the court to which the appeal is taken.

**{¶ 12}** Even if Hunter is correct that she would be entitled to a stay if she posted a bond, she did not actually post a bond. Rather, she filed a motion with the trial court (and then with the court of appeals) to stay the judgment upon posting a $192,960.22 bond.

**{¶ 13}** Civ.R. 62(B) states, "The stay is effective when the supersedeas bond is approved by the court." Thus, Hunter cannot actually obtain a stay until the court approves the bond. But the rule does not specify at what point the court determines whether a proposed bond is appropriate. App.R. 7(A) refers to an "application . . . for the determination of the amount of and the approval of a supersedeas bond," but Hunter did not make such an application.

**{¶ 14}** Nothing in Civ.R. 62(B) or App.R. 7 requires a court to determine whether a bond is appropriate before it is posted, and we will not add such a requirement to the rules by judicial opinion. Rather under the plain terms of Civ.R. 62(B), an appellant must post an adequate supersedeas bond and the stay becomes effective when the bond is approved by the court. Because Hunter did not post a supersedeas bond, she cannot show a clear legal right to an order staying execution of the judgment or a clear legal duty on behalf of the trial court or the court of appeals to provide one.

*B. Writ of supersedeas*

**{¶ 15}** In addition to requesting a writ of mandamus, Hunter alternatively requests that we issue "a writ of supersedeas, to stay execution and enforcement of the Judgment, conditioned on Hunter's filing of an adequate bond or other appropriate security as set by this Court." We deny the requested writ of supersedeas.

**{¶ 16}** R.C. 2503.40 provides, "[T]he supreme court when in session, and on good cause shown, may issue writs of supersedeas in any case, and other writs not specially provided for and not prohibited by law, when necessary to enforce the administration of justice." But we have rarely exercised this authority. Hunter

points to only one case in which we have issued a writ of supersedeas: *State ex rel. Jackson v. Allen*, 61 Ohio St.3d 1415 (1991). *Jackson* was decided by entry, i.e., without an opinion.

**{¶ 17}** Hunter argues for a writ of supersedeas in her merit brief, but her argument contains almost no analysis and does not explain why a writ of supersedeas is proper in this case. Hunter's lack of analysis regarding her request for a writ of supersedeas makes it difficult to analyze her request, and we conclude that Hunter has not shown entitlement to a writ of supersedeas. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 2014-Ohio-104, ¶ 38 (rejecting undeveloped argument that lacked authority and argumentation).

### III. CONCLUSION

**{¶ 18}** Hunter has not shown a clear legal right to a stay of execution of the divorce judgment, nor has she shown that either the trial court or the court of appeals has a clear legal duty to issue such a stay. Therefore, we deny her request for a writ of mandamus. We also deny her request for a writ of supersedeas. We also lift the stay entered by our February 29, 2024 order.

Writs denied.

_____

Taft Stettinius & Hollister, L.L.P., Jill Friedman Helfman, and Daniel H. Bryan, for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora E. Poore, Assistant Prosecuting Attorney, for respondent Judge Francine B. Goldberg.

Dave Yost, Attorney General, and Kristopher A. Haines and Bryan B. Lee, Assistant Attorneys General, for respondents Judge Sean C. Gallagher and Judge Eileen A. Gallagher.

_____