[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, Slip Opinion No. 2025-Ohio-2927.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2927

THE STATE EX REL. GORDON, APPELLANT, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, Slip Opinion No. 2025-Ohio-2927.]

*Prohibition—Procedendo—Mandamus—Court of appeals applied correct legal standard when ruling on appellees' motion to dismiss, and its decision contains no indication that court considered evidence not attached to complaints when ruling on the motion—Court of appeals correctly determined that complaints failed to state a claim upon which relief can be granted—Judgment affirmed.*

(No. 2024-1366—Submitted April 22, 2025—Decided August 20, 2025.)

APPEAL from the Court of Appeals for Summit County, Nos. 31131 through 31133, 2024-Ohio-3174.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE,

BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. FISCHER, J., concurred in part and dissented in part and would grant the motion to declare appellant a vexatious litigator.

**Per Curiam.**

{¶ 1} Appellant, Dante' D. Gordon, filed three original-action complaints in the Ninth District Court of Appeals, seeking extraordinary writs against appellees, retired judge Jane Bond, Judge Susan Baker Ross, and the Summit County Court of Common Pleas. Although Gordon filed his prohibition, procedendo, and mandamus actions as three separate complaints, the three complaints presented the same 13 claims and were identically captioned as seeking writs of prohibition, procedendo, and mandamus. The Ninth District consolidated the complaints and addressed them in one decision. The Ninth District granted appellees' motion to dismiss as to all 13 claims, concluding that Gordon had failed to state a claim upon which relief can be granted. Gordon has appealed to this court as of right. Appellees have included in their brief a motion to declare Gordon to be a vexatious litigator under Supreme Court Rule of Practice 4.03(B).

{¶ 2} For the following reasons, we affirm the Ninth District's judgment and deny appellees' motion to declare Gordon a vexatious litigator.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Gordon is currently incarcerated at the Belmont Correctional Institution in St. Clairsville. In 1998, he pleaded guilty to murder with a firearm specification. Summit County Common Pleas Court Judge Bond, who has since retired, presided over the 1998 case. When Gordon filed his postconviction motions, the case was assigned to Judge Ross.

{¶ 4} In his extraordinary-writ complaints, Gordon asserted that he has acquired exculpatory evidence proving that his conviction and guilty plea are void and should be vacated for lack of subject-matter jurisdiction. Gordon attached 83

numbered exhibits to his complaints in support of his 13 claims. He also filed discovery requests that included interrogatories and requests for admission.

{¶ 5} Gordon raised the same underlying arguments in support of his 13 claims. He claimed that he pleaded guilty to a nonexistent offense and that his indictment had already been dismissed in municipal court before he entered his guilty plea in the common pleas court. The ultimate relief sought in each of his complaints was also the same: Gordon requested that his guilty plea, conviction, and sentence be found void and vacated.

{¶ 6} Appellees filed a Civ.R. 12(B)(6) motion to dismiss, which the Ninth District granted.

{¶ 7} Gordon has filed a timely notice of appeal, raising four propositions of law on appeal. Appellees have filed a merit brief and included in it a motion to declare Gordon to be a vexatious litigator under Rule 4.03.

## II. ANALYSIS

### A. Standard of review

{¶ 8} We review de novo an appellate court's decision to grant a Civ.R. 12(B)(6) motion to dismiss a writ action. *State ex rel. Nyamusevya v. Hawkins*, 2021-Ohio-1122, ¶ 10. Dismissal of an action seeking writs of mandamus, prohibition, and/or procedendo under Civ.R. 12(B)(6) is appropriate if we find that after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling him to relief. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8 (mandamus); *State ex rel. CNG Fin. Corp. v. Nadel*, 2006-Ohio-5344, ¶ 13 (prohibition and procedendo). While we must accept factual assertions as true, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss," *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988). We may consider documents

attached to or incorporated into the complaint when ruling on a Civ.R. 12(B)(6) motion to dismiss. *See State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2022-Ohio-3990, ¶ 16 ("a Civ.R. 12(B)(6) motion limits a court to testing the sufficiency of the complaint and the materials incorporated into it"); *see also State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 18 ("Because this appeal is before us upon the court of appeals' judgment granting a motion to dismiss under Civ.R. 12(B)(6), we are limited to considering the complaint and the documents attached to it.").

## B. Requirements for the three requested writs

{¶ 9} For a relator to be entitled to a writ of prohibition, the relator "must show by clear and convincing evidence (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) an injury that would result from denial of the writ for which no adequate remedy exists in the ordinary course of the law." *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6.

{¶ 10} For a relator to be entitled to a writ of mandamus, the relator "must prove by clear and convincing evidence (1) a clear legal right to the relief she requests, (2) a clear legal duty on the part of the trial court or court of appeals to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Hunter v. Goldberg*, 2024-Ohio-4970, ¶ 8.

{¶ 11} And for a relator to be entitled to a writ of procedendo, the relator "must establish (1) a clear legal right to require [the] respondent to proceed, (2) a clear legal duty by the respondent . . . to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Yeaples v. Gall*, 2014-Ohio-4724, ¶ 20. "'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *Id*., quoting *State ex rel. Weiss v. Hoover*, 1999-Ohio-422, ¶ 7.

### C. The Ninth District applied the correct legal standards when ruling on the motion to dismiss

{¶ 12} We address Gordon's first and third propositions of law together because they are related. Gordon's first proposition of law argues that the Ninth District, when granting appellees' motion to dismiss, refused to recognize and accept his requests for admission pursuant to Civ.R. 26(B) and 36(A)(1). Gordon states that he served Civ.R. 36 requests for admission on appellees, and he contends that because the requests went unanswered, they must be deemed admitted in support of his 13 claims.

{¶ 13} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. Because a motion to dismiss tests the sufficiency of the complaint, a court does not evaluate discovery when ruling on a motion to dismiss. *See Fluellen v. Miller*, 2024-Ohio-265, ¶ 13 (10th Dist.); *Crane Serv. & Inspections*, *L.L.C. v. Cincinnati Specialty Underwriters Ins. Co*., 2018-Ohio-3622, ¶ 33 (12th Dist.). Therefore, the Ninth District could not evaluate Gordon's requests for admission that are not incorporated into his complaint.

{¶ 14} Gordon's third proposition of law argues that the Ninth District applied the wrong standard to appellees' motion to dismiss because it did not use the phrase "failure to state a claim upon which relief can be granted" when addressing each claim. Gordon is wrong, however, because the Ninth District held after reviewing all 13 claims that he "can prove no set of facts that would entitle him to the relief requested," 2024-Ohio-3174 at ¶ 41 (9th Dist.). Therefore, the Ninth District applied the correct standard to the motion to dismiss.

{¶ 15} Gordon's third proposition of law also argues that the Ninth District should have converted appellees' motion to dismiss into a motion for summary judgment because, he alleges, the court considered "evidence outside the complaint[s]." The record does not support Gordon's argument. The Ninth

District's decision shows that it reviewed all 13 claims asserted in his complaints and that it determined that Gordon could prove no set of facts that entitle him to relief. The Ninth District's decision contains no indication that the court considered evidence not attached to the complaints when ruling on the motion to dismiss.

{¶ 16} For the reasons stated above, we reject Gordon's first and third propositions of law.

### D. The Ninth District correctly dismissed Gordon's complaints for failure to state a claim

{¶ 17} Gordon's second proposition of law argues that the court of appeals erred in concluding that his complaints did not state a claim upon which relief can be granted. His fourth proposition of law similarly argues that the Ninth District erred in granting appellees' motion to dismiss by failing to consider his entire complaints and by disregarding his 83 exhibits.

*1. The allegedly unsigned indictment*

{¶ 18} In the first claim asserted in his complaints, Gordon argued that Judge Bond lacked subject-matter jurisdiction to convict and sentence him. Gordon asserted that he was not properly indicted, because the indictment form in his 1998 case was not signed by the grand-jury foreman. Gordon requested a writ of prohibition compelling Judge Ross to vacate his conviction and sentence and immediately release him from confinement.

{¶ 19} Dismissal of an inmate's request for a writ of mandamus or prohibition is appropriate when the inmate essentially has requested release from prison by arguing that his conviction and sentence should be vacated. "[H]abeas corpus, rather than mandamus or prohibition, is the proper action to seek this type of relief." *State ex rel. Nelson v. Griffin*, 2004-Ohio-4754, ¶ 5. Additionally, a charging instrument is procedural, not jurisdictional, and extraordinary relief is not available to attack its validity or sufficiency. *Id.* at ¶ 6; *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73 (1990) ("A grand jury foreman's failure to sign

6

the indictment does not deprive the trial court of jurisdiction."). If an inmate believes that he "was improperly indicted by the grand jury, his remedy is appeal and not a writ of mandamus or prohibition." *State ex rel. Pollock v. Franklin Cty. Court of Common Pleas*, 60 Ohio St.3d 76, 77 (1991); *accord Nelson* at ¶ 6. Accordingly, the Ninth District correctly held that Gordon could prove no set of facts entitling him to relief on his first claim.

### 2. The murder conviction

{¶ 20} In the second claim asserted in his complaints, Gordon requested a writ of mandamus compelling Judge Ross to vacate his conviction and sentence. Gordon claimed that Judge Bond lacked subject-matter jurisdiction to convict him of murder with a firearm specification.

{¶ 21} The exhibits Gordon attached to his complaints show that he pleaded guilty to murder, a felony. *See* R.C. 2903.02. By statute, "[t]he court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. A court of common pleas has subject-matter jurisdiction over felony cases. *State v. Harper*, 2020-Ohio-2913, ¶ 25. Gordon's second claim, therefore, fails to set forth facts showing that appellees lacked subject-matter jurisdiction, and the Ninth District correctly dismissed it.

### 3. The alleged conviction for "wrongfully t[aking] the life" of the victim and the alleged municipal-court dismissal

{¶ 22} In the 3d, 4th, 7th, 8th, 10th, 11th, 12th, and 13th claims asserted in his complaints, Gordon requested writs of prohibition and mandamus for the same underlying reasons. Gordon claimed that he pleaded guilty to "wrongfully t[aking] the life" of the victim, which is not an offense in Ohio, and that he could not plead guilty to this nonexistent offense, because it lacks a specified-degree culpability. Gordon also claimed that the firearm specification that was attached to an aggravated-murder charge with which he was originally charged was not properly

amended when the aggravated-murder charge was supposedly amended to the offense (alleging that he "wrongfully took the life") that he claims he pleaded guilty to. Gordon attached to his complaints the transcript from his guilty-plea and sentencing hearing, where he was asked whether he was aware that he was pleading guilty to murder and whether he was aware that he was pleading guilty to murder because he "wrongfully took the life" of the victim. Additionally, Gordon claimed that his 1998 case was dismissed before he entered his guilty plea, and he attached an Akron Municipal Court docket entry to his complaints in support of that claim.

**{¶ 23}** After reviewing the transcript of Gordon's guilty-plea and sentencing hearing that he attached to his complaints, we conclude that the Ninth District correctly determined that Gordon pleaded guilty to murder, not to "wrongfully t[aking] the life" of the victim. The Ninth District also correctly determined that the municipal-court-docket entry Gordon attached to his complaints did not show that his case was dismissed but, rather, that he appeared for a preliminary hearing in the municipal court before the case was bound over to the grand jury. *See* Crim.R. 5(B)(1). Finally, even if Gordon's claim that the firearm specification was not properly amended is presumed true, that would be a defect in the indictment, *see State v. Moore*, 2018-Ohio-3237, ¶ 8, and the Ninth District correctly held that a defect in the indictment does not deprive a court of jurisdiction, *see Martre*, 2023-Ohio-4594, at ¶ 18. Therefore, Gordon's 3d, 4th, 7th, 8th, 10th, 11th, 12th, and 13th claims were correctly dismissed by the Ninth District.

*4. The alleged conspiracy and use of false evidence*

**{¶ 24}** The fifth and sixth claims asserted in Gordon's complaints rely on facts that he alleged in asserting his previous claims. In his fifth claim, Gordon argued that Judge Bond lacked subject-matter jurisdiction to accept Gordon's guilty plea or to sentence him because the plea and conviction allegedly resulted from a conspiracy among the police and prosecution to use false documentation and

testimony against him and of an indictment charging him with a nonexistent offense. In his sixth claim, Gordon asserted that Judge Bond lacked subject-matter jurisdiction to accept Gordon's guilty plea because false evidence and documentation were allegedly used against him after the case had been dismissed.

{¶ 25} These claims lack merit for the reasons discussed in the above sections of this opinion. As explained above, appellees had jurisdiction over Gordon's 1998 case and the exhibits Gordon attached to his complaint do not show that he pleaded guilty to a nonexistent offense or that his case was dismissed. Gordon can prove no set of facts that entitle him to relief in either mandamus or prohibition on his fifth or sixth claim. Thus, the Ninth District correctly dismissed the complaints as to both claims.

### 5. *The procedendo claim*

{¶ 26} In his ninth claim, Gordon requested a writ of procedendo to compel Judge Ross to proceed to vacate his guilty plea, conviction, and sentence. The ninth claim sets forth no specific facts showing that Judge Ross either refused to render a judgment or has delayed in rendering a judgment. Therefore, Gordon has failed to state a claim for a writ of procedendo, and the Ninth District correctly dismissed the complaints as to his ninth claim. *See State ex rel. Weiss v. Hoover*, 1999-Ohio-422, ¶ 7.

### 6. *The Ninth District correctly dismissed Gordon's complaints*

{¶ 27} Because the Ninth District correctly assessed all 13 claims raised by Gordon, his second and fourth propositions of law lack merit and are rejected.

### III. MOTION TO DECLARE VEXATIOUS

{¶ 28} Appellees have included in their brief a motion to declare Gordon to be a vexatious litigator under Supreme Court Rule of Practice 4.03. They argue that Gordon should be declared vexatious because he has repeatedly filed cases and appeals alleging that government officials engaged in conspiracy and fraud.

Appellees argue that Gordon's repeated baseless cases warrant his being declared vexatious.

**{¶ 29}** We may declare a party to be a vexatious litigator if the party has "habitually or persistently engaged" in frivolous conduct. Rule 4.03(B); *see* Rule 4.03(A) (defining "frivolous" conduct). We evaluate a party's frivolous conduct and filings *in this court* when determining whether to declare the party a vexatious litigator. *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-4569, ¶ 19. We consider not only the number of cases filed but also the repetitiveness of the arguments raised. *State ex rel. Johnson v. Bur. of Sentence Computation*, 2020-Ohio-999, ¶ 21. When we find that a person has repeatedly filed frivolous cases in this court, the person may be declared a vexatious litigator under Rule 4.03. *E.g.*, *id*. at ¶ 23-24. But we may also declare a person a vexatious litigator based on a single case if we find that the person has "engaged in habitual and persistent frivolous conduct" in that case. *State ex rel. Ware v. Vigluicci*, 2024-Ohio-5492, ¶ 11.

**{¶ 30}** A search of our online docket shows that Gordon has filed four original actions in this court since 2020. *See State ex rel. Gordon v. Clark*, 2023-Ohio-3944, *State ex rel. Gordon v. Henry*, 2024-Ohio-676, *State ex rel. Gordon v. Summit Cty. Mun. Court*, 2020-Ohio-3473, and *State ex rel. Gordon v. Ninth Dist. Court of Appeals*, 2022-Ohio-798. Appellees have failed to show that Gordon has habitually filed frivolous cases in this court. Therefore, we deny appellees' motion to declare him a vexatious litigator.

## IV. CONCLUSION

**{¶ 31}** We affirm the Ninth District Court of Appeals' judgment granting appellees' motion to dismiss Gordon's complaints. And we deny appellees' motion to declare Gordon to be a vexatious litigator.

Judgment affirmed.

_____

Dante' D. Gordon, pro se.

Elliot Kolkovich, Summit County Prosecuting Attorney, and Jennifer M. Piatt, Assistant Prosecuting Attorney, for appellees.

_____