[Cite as *State ex rel. Johnson v. Hoying*, 2026-Ohio-421.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Ricky Johnson a.k.a.
Rodney Knuckles,

        Relator,

v.

Lisa Hoying, Chair, Ohio Parole Board,

        Respondent.

:
:
:
:
:
:
:
:
:

No.  25AP-667

(REGULAR CALENDAR)

D E C I S I O N

Rendered on February 10, 2026

**On brief**: *Ricky Johnson, a.k.a. Rodney Knuckles*, pro se.

**On brief:** *David Yost*, Attorney General, *Mindy Worly,* and *Marcy Vonderwell*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION
GRANTING RESPONDENT'S MOTION TO DISMISS

PER CURIAM.

{¶ 1}  Relator, Ricky Johnson, a.k.a. Rodney Knuckles, brought this original action seeking a writ of mandamus ordering respondent, Lisa Hoying, Chair of the Ohio Parole Board ("parole board") to vacate an order concluding relator violated the conditions of parole and enter a new order finding there was insufficient evidence presented to conclude he violated the conditions of parole.

{¶ 2}  On August 27, 2025, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court.  On September 19, 2025, respondent filed a motion to dismiss, under Civ.R. 12(B)(6), arguing

that relator's mandamus action should be dismissed for failure to state a claim upon which relief can be granted as he failed to comply with the mandatory inmate filing requirements set forth in R.C. 2969.25(C). Relator declined to file a memorandum in opposition to the motion to dismiss.

{¶ 3} On October 29, 2025, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we grant respondent's motion to dismiss. The magistrate found that relator's original action seeking a writ of mandamus failed to comply with the requirements in R.C. 2969.25(C) to submit a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. (Appended Mag.'s Decision at 7.) The magistrate's decision informed the parties of their right to file objections to his recommendation under Civ.R. 53(D)(3)(b).

{¶ 4} On November 14, 2025, relator filed written objections to the magistrate's decision. Respondent declined to file a memorandum in opposition in response to relator's objections.

{¶ 5} Civ.R. 53(D)(4)(d) directs, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." Pursuant to Civ.R. 53(D)(4)(d), when ruling on objections, we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 6} Relator argues that the magistrate erred in his interpretation of R.C. 2969.25(C). Relator contends that he has complied with the statute by providing all cash and things owned of value at that time.

{¶ 7} Upon review, we agree with the magistrate's recommendation to grant respondent's motion to dismiss. In relevant part, R.C. 2969.25(C)(1) requires an inmate to provide "[a] statement that sets forth the balance in the inmate account of the inmate for *each* of the preceding six months, as certified by the institutional cashier." (Emphasis added.) While relator provided the balance of his inmate account, the balance for "each of the preceding six months" is conspicuously absent. *Id*. As set forth in the magistrate's decision, the Supreme Court of Ohio has found that "R.C. 2969.25(C) does not permit

substantial compliance." *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 7, citing *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4.  As relator has failed to submit the statement of inmate account consistent with the requirements of R.C. 2969.25(C)(1) his petition must be dismissed.

**{¶ 8}**   Upon careful review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate properly applied the law to the facts.  Accordingly, we overrule relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's recommendation, respondent's motion to dismiss is granted and relator's petition for a writ of mandamus is dismissed.

*Objections overruled*;
*case dismissed.*

BEATTY BLUNT, MENTEL, and EDELSTEIN, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ricky Johnson a.k.a. Rodney Knuckles, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  25AP-667 |
| | : | |
| Lisa Hoying, Chair, Ohio Parole Board, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 29, 2025

*Ricky Johnson*, *a.k.a. Rodney Knuckles,* pro se.

*Dave Yost,* Attorney General, *Mindy Worly*, and *Marcy Vonderwell*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 9}    Relator Ricky Johnson, a.k.a. Rodney Knuckles, requests a writ of mandamus ordering respondent Lisa Hoying, Chair of the Ohio Parole Board ("parole board"), to vacate an order finding relator violated the conditions of parole and enter a new order finding insufficient evidence was presented to find relator violated the conditions of parole. Respondent has filed a motion to dismiss. For the following reasons, the magistrate recommends granting the motion to dismiss.

**I. Findings of Fact**

{¶ 10} 1. Relator commenced this original action with the filing of his petition for a writ of mandamus on August 19, 2025.

{¶ 11} 2. At the time he filed his petition, relator was an inmate incarcerated at Richland Correctional Institution in Mansfield, Ohio.

{¶ 12} 3. Respondent, who is sued in her capacity as chair of the parole board, is a government entity or employee for purposes of R.C. 2969.21 et seq.

{¶ 13} 4. In his petition, relator alleges that he is a "class member of the consent decree" under *Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir. 1995). (Petition at 2.)

{¶ 14} 5. Relator alleges the parole board held a parole revocation hearing that did not comply with the requirements in *Morrissey v. Brewer*, 408 U.S. 471 (1972), as mandated pursuant to *Kellogg*. Specifically, relator alleges there was not a written notice of any alleged violation of the conditions of parole, but rather just a statement by the hearing officer.

{¶ 15} 6. Relator asserts that without a written notice of parole violation, the information used to revoke his parole was legally insufficient to support a parole violation finding under *Morrissey*. Relator asserts the parole board violated his right to due process of law under the Fourteenth Amendment to the United States Constitution, in addition to Article I, Section 10 of the Ohio Constitution.[1] Relator further asserts there is no adequate remedy at law because there exists no right to appeal from a revocation decision.

{¶ 16} 7. Relator requests the issuance of a writ of mandamus ordering respondent to (1) vacate the order finding relator violated the conditions of parole and (2) enter a new order finding insufficient evidence was presented to find relator violated the conditions of parole.

{¶ 17} 8. Along with his petition, relator filed an affidavit of civil filings, an affidavit of verity, and an affidavit of indigency.

{¶ 18} 9. Relator's affidavit of indigency does not include a statement setting forth the balance in relator's inmate account for each of the preceding six months, as certified by the institutional cashier.

---

[1] It is noted that Article I, Section 16 of Ohio's Constitution is commonly understood to be the analogue of the due process provision in the Fourteenth Amendment to the United States Constitution. *See State v. Hand*, 2016-Ohio-5504, ¶ 11 ("The 'due course of law' provision is the equivalent of the 'due process of law' provision in the Fourteenth Amendment to the United States Constitution.").

{¶ 19} 10. Respondent filed a motion to dismiss on September 19, 2025. Relator has not filed a response.

## II. Discussion and Conclusions of Law

{¶ 20} Respondent asserts relator's mandamus petition should be dismissed because he did not comply with the mandatory inmate filing requirements in R.C. 2969.25(C) and, thereby, failed to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

### A. Standard for Reviewing a Motion to Dismiss for Failure to State a Claim

{¶ 21} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling on a Civ.R. 12(B)(6) motion, a court may consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes."). A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

### B. Inmate Filing Requirements

{¶ 22} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 10; *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 3 (stating that the "provisions in R.C. 2969.21 through 2969.27 were enacted . . . effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act"). These procedural requirements include the filing of an affidavit of prior civil actions under R.C. 2969.25(A) and an affidavit of waiver and affidavit of indigency under R.C. 2969.25(C). This court has previously stated that "[t]he purpose of R.C. 2969.21

through 2969.27 is to curb inmate litigation." *Slider v. Dept. of Rehab. & Corr.*, 1999 Ohio App. LEXIS 2999, at *7 (10th Dist. June 29, 1999).

{¶ 23} With regard to the requirements for an affidavit of indigency, R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). Definitions pertaining to R.C. 2969.25 are contained in R.C. 2969.21. The term "inmate account" is defined as "an account maintained by the department of rehabilitation and correction under rules adopted by the director of rehabilitation and correction pursuant to section 5120.01 of the Revised Code or a similar account maintained by a sheriff or any other administrator of a jail or workhouse or by the administrator of a violation sanction center." R.C. 2969.21(E).

{¶ 24} Compliance with the inmate filing requirements in R.C. 2969.25 is mandatory, and failure to comply compels dismissal. *State ex rel. Bey v. Bur. of Sentence Computation*, 2022-Ohio-236, ¶ 13. R.C. 2969.25 "requires strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6.

## C. Whether Relator Complied with Mandatory Filing Requirements

{¶ 25} Respondent asserts relator's petition must be dismissed because he failed to comply with the requirement in R.C. 2969.25(C) to submit a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. Indeed, review of relator's petition and affidavits reveals that he has failed to comply with this inmate filing requirement. Relator's affidavit of indigency is accompanied by a financial disclosure that appears to satisfy R.C. 2969.25(C)(2) by setting

forth all other cash and things of value owned by relator. Further, relator's affidavit of indigency contains a certified report from the institutional cashier for the prior six months that sets forth his account balance, total state pay, average monthly pay, total funds received from all sources excluding state pay, and total amount spent in the inmate's commissary for the report period. However, this report from the institutional cashier does not include a certified statement that sets forth the balance in relator's inmate account for **each of the preceding six months** as required by R.C. 2969.25(C)(1).

{¶ 26} R.C. 2969.25(C) permits neither substantial compliance nor amendment to correct a failure in compliance existing at the time of filing. *See State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 7 ("R.C. 2969.25(C) does not permit substantial compliance."); *State ex rel. Swopes v. McCormick*, 2022-Ohio-4408, ¶ 12 (stating that "noncompliance with R.C. 2969.25(C) cannot be cured by amendment after a petition is filed"). Because relator has failed to submit the statement of inmate account required by R.C. 2969.25(C)(1), relator's petition must be dismissed. Though relator's petition must be dismissed, it is noted that "dismissal of an action for failing to comply with the procedural requirements of R.C. 2969.25 is a dismissal without prejudice." *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2025-Ohio-1939, ¶ 3 (10th Dist.). *See State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8, citing *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 5 (stating that "a dismissal for failure to meet the requirements of R.C. 2969.25 is not a dismissal on the merits").

### D. Conclusion

{¶ 27} Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's petition dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects

to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.